OPINION. Withey, Judge: Respondent determined deficiencies in petitioner’s excess profits taxes and disallowed claims for relief under section 722 of the 1939 Code as follows: Excess profits tax deficiencies Claim for relief, sec. 722 $38,653.00 31,982.01 26,310.74 $274,505.46 107,683.56 101,840.84 Year 1943-1944. 1945. The issues for decision are (1) whether the average base period net income is an inadequate standard of normal earnings because the business of petitioner was depressed in the base period because of temporary economic events unusual in its base period experience within the purview of section 722 (b) (2), and (2) whether the average base period net income is an inadequate standard of normal earnings because of a change in the character of petitioner’s business during the base period because of a difference in its capacity for production or operation within the purview of section 722 (b) (4). Assuming, but not deciding, that the economic circumstances which petitioner contends acted as a depressant to its average base period net income qualify petitioner for relief under section 722 (b) (2), we are nevertheless unable to grant such relief. The Commissioner has applied the growth formula under section 713 (f) to petitioner’s base period net income and a substantial adjustment thereof has resulted to petitioner’s benefit. Under the facts as found, computation of the available relief which might be accorded petitioner on the basis of the mentioned assumption discloses that under no circumstances would such relief exceed that afforded by the application of the growth formula. Petitioner, therefore, has not demonstrated that section 722 (b) (2) may be here applied. Petitioner asks relief also under section 722 (b) (4) upon the basis of a change in its capacity for operation and production occurring within the base period, or with respect to a portion of such change in capacity to which it had been committed during the base period and which was brought to fruition subsequent thereto. The facts found clearly demonstrate that during its existence petitioner has enjoyed an aggressive and foresighted management which took advantage of not only the normal avenues of expansion and growth but also made available extraordinary avenues, such as its use of the term “Olympic” in its advertising and the identification of its product generally with the Olympic games. It is also plain from the record that its management was sufficiently aggressive to anticipate growth and expansion by providing increases in its productive capacities prior to increased demand. Indeed, it is apparent that such was the policy of petitioner. In order to be entitled to relief under section 722 (b) (4) petitioner must show not only a change in its productive capacity but in addition thereto that such change not only effects a change in the character of its business but also one which, if available, would increase its base period income. Green Spring Dairy, Inc., 18 T. C. 217. The following excerpt from Green Spring, which is strikingly similar to the case at bar, is applicable here, page 238: The foregoing data furnish, dramatic evidence that petitioner’s business was growing steadily without the new plant prior to 1937. However, the old plant was reaching its saturation point at about that time and if the growth was to continue, enlarged facilities would have to be supplied. This does not mean that the new facilities caused the growth thereafter. Rather, the enlarged facilities afforded by the new plant enabled the growth to continue. The prior advent of the new plant 2 years earlier does not persuade us that petitioner’s growth during that 2-year period would have been substantially greater than it in fact was. Amd we are similarly not persuaded that petitioner would have attained a level of sales by the end of 1939 that would have been substantially higher than was in fact attained at that time. The evidence establishes, in our opinion, that productive capacity did not operate materially to restrict petitioner’s sales during the first two base period years, 1936 and 1937. No evidence has been introduced to show that in either of those years any customers or sales were lost because petitioner’s production facilities were inadequate; on the contrary, there is evidence that both in 1936 and 1937 petitioner could have served at least some additional customers if it had been able to get them. In both years major strides were made in increasing the number of new customers and new routes, and petitioner’s growth appears (to have been about as much as market and competitive conditions then permitted. * * * There can be no doubt that during petitioner’s base period it did consistently and repeatedly expand its productive capacity, but it has failed to show that such expansion resulted in additional income. It is true that the facts show a steady and consistent rise in income not only during petitioner’s base period years but from its inception, but that increase in income is apparently more nearly attributable to its aggressive management and the resultant increase in demand for its product than to its increase in productive capacity. As in Green Spring, supra, the increased capacity permitted rather than caused its expansion and growth. Indeed, the facts indicate that its increase in sales was at a more or less consistent rate from the date of its inception throughout its experience with the exception that the rate of its increase in sales was slightly depressed at the time of and after its 1937 increase in capacity for production. We think it is clear that whatever changes took place with respect to petitioner’s capacity for production and operation those changes did not bear the proper relationship to its increased earnings to warrant the granting of the relief otherwise authorized by section 722 (b) (4). Assuming further, but not deciding, that petitioner’s average base period net income should be increased by the disallowance under section 711 (b) (1) (J) of abnormal deductions for depreciation in 1936 and 1937, and abnormal advertising expenses in 1936, nevertheless, petitioner would not be entitled to any relief in excess of that granted by respondent in applying section 713 (f) of the 1939 Code. Reviewed by the Special Division. Decision will be entered for the respondent.